IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERNEST HENDERSON, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:26-CV-44-N-BK |
| | § | |
| PUBLIC STORAGE, ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* civil action was re-referred to the United States magistrate judge for judicial screening, including the issuance of findings and a recommended disposition when appropriate.  Upon review, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for want of prosecution.

On January 8, 2026, the Court issued a deficiency order advising Plaintiff that (1) his motion for leave to proceed *in forma pauperis* did not provide enough information to determine whether he should be granted *in forma pauperis* status, and (2) he must complete and file a new motion for leave to proceed *in forma pauperis*.  Doc. 6.  *See* 28 U.S.C. § 1915(a); Misc. Ord. 15 (requiring a party desiring to proceed without prepaying fees and costs to file a motion on the AO 239 form).  The deadline for Plaintiff's response was February 18, 2026.  However, Plaintiff has not complied with the Court's deficiency order, nor has he sought an extension of time to do so.

Under Rule 41(b) of the Federal Rules of Civil Procedure, the court may dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any

court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Here, Plaintiff has been given ample opportunity to respond to the Court's deficiency order. He has impliedly refused or declined to do so. Therefore, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

**SO RECOMMENDED** on March 14, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).

2